UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE LUIS SANTOS-CRUZ, Petitioner, v. TODD M. LYONS, et al. Respondents. | Case No.: 26-cv-4322-BJC-MMP<br>**ORDER DENYING PETITION FOR HABEAS CORPUS, MOTION FOR TEMPORARY RESTRAINING ORDER AND EMERGENCY MOTION FOR EXPEDITED HEARING**<br>**[ECF Nos. 1-3, 14]** |

On July 27, 2026, Petitioner Jorge Santos Cruz ("Petitioner") filed a Petition for Writ of Habeas Corpus ("Petition"). ECF No. 1. The same day, Petitioner also filed a Motion for Temporary Restraining Order and an Emergency Motion for Expedited Hearing on his Petition for Writ of Habeas Corpus. ECF Nos. 2-3. On August 31, 2026, Respondents filed a return. ECF No. 14. For the reasons set forth below, the Court **DENIES** the Petition (ECF No. 1) and **DENIES** Petitioner's Motion for Temporary Restraining Order and Emergency Motion for Expedited Heading on the Petition as **MOOT**. ECF Nos. 2-3.

//

//

**BACKGROUND**

Petitioner is a native and citizen of Mexico who has lived in the United States for approximately ten years. ECF No. 1 at 1. It is not clear based on the Petition when or how the Petitioner entered the United States. Petitioner was apprehended by Immigration Customs and Enforcement ("ICE") following his arrest for alleged domestic violence, and he was detained at the North Florida Detention Facility in Sanderson, Florida. *Id*. at 8. On June 18, 2026, an immigration judge denied Petitioner's request for bond after finding he was a danger to the community. ECF No. 14 at 2; ECF No. 14-1 at 2. Petitioner was then transferred to Otay Mesa Detention Facility in San Diego, California. ECF No. 1 at 8.

On July 27, 2026, Petitioner filed this Petition for Writ of Habeas Corpus. *See* ECF No. 1. On the same day, he also filed a Motion for Temporary Restraining Order and Emergency Motion for Expedited Hearing on his Petition for Writ of Habeas Corpus. ECF Nos. 2-3. On July 31, 2026, the Court issued an order setting a briefing schedule and conditionally appointed Federal Defenders of San Diego, Inc. ("Federal Defenders") to represent Petitioner. ECF No. 5. On August 10, 2026, Federal Defenders informed this Court that it was "necessary to obtain an audio of the bond hearing held before the immigration judge to determine whether appointment will be beneficial to Petitioner" before moving forward. ECF No. 9. Accordingly, the parties jointly proposed an amended briefing schedule to allow time for Federal Defenders to review the audio of the bond hearing, which this Court granted. ECF Nos. 9-10.

On August 20, 2026, Federal Defenders filed a status report, indicating their belief that, after an evaluation of Petitioner's case, appointment of counsel would not be "appropriate or otherwise beneficial to Petitioner." ECF No. 12. The Court issued an order withdrawing the appointment of Federal Defenders as counsel for Petitioner and set a briefing schedule, allowing Respondents to file a return by August 31, 2026, and permitting Petitioner to file a traverse by September 8, 2026. ECF No. 13. On August 31, 2026, Respondents filed their return, claiming that, although Petitioner reserved appeal, he had not appealed the adverse bond decision to date with the BIA. ECF No. 14 at 2. Petitioner

did not file a traverse.

## LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and [] the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Under 28 U.S.C. § 2241, a district court has authority to grant a writ of habeas corpus when the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The Petitioner bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." *Id*.

Noncitizens present without admission who are apprehended in the interior of the United States are subject to 8 U.S.C. § 1226(a). *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160, 1165 (9th Cir. 2026). Section 1226(a) provides that a "[noncitizen] may be arrested and detained pending a decision on whether the [noncitizen] is to be removed from the United States." Noncitizens detained pursuant to Section 1226(a), may request a custody redetermination (*i.e.*, a bond hearing) by an immigration judge at any time before a final order of removal is issued. *See* 8 U.S.C. § 1226(a); 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1), 1003.19. Although Section 1226 allows for the possibility of bond, noncitizens "may be denied bond and held pending their removal proceedings if they pose flight risks or dangers to the community." *Rodriguez Vazquez*, 183 F.4th at 1165; *see also Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1209-10 (9th Cir. 2022) (no deprivation of due process where petitioner received a bond hearing but was denied bond upon a finding that he was likely a potential danger to community).

### I. Petitioner Failed to Exhaust Administrative Remedies

When a petitioner's claims are reviewable by the BIA on appeal, the petitioner must exhaust administrative remedies before raising the claims in a habeas petition. *Rojas-Garcia v. Ashcroft*, 339 F.3d 814, 819 (9th Cir. 2003). Exhaustion "'avoids premature

interference with the agency's processes and helps to compile a full judicial record.'" *Id.* (quoting *Liu v. Waters*, 55 F.3d 421, 424 (9th Cir.1995)). "The exhaustion requirement is prudential, rather than jurisdictional, for habeas claims." *Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017) (citation omitted). A court may require prudential exhaustion when:

> (1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review.

*Id*. (quoting *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007)). If a petitioner fails to exhaust prudentially required administrative remedies, "a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies, unless exhaustion is excused." *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011). However, a court may waive the prudential exhaustion requirement if "administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004).

Here, Petitioner has failed to exhaust available administrative remedies. Although Petitioner expressly reserved his right to appeal the immigration judge's denial of bond, *see* ECF No. 14 at 2; ECF No. 14-1 at 3, he did not file an appeal with the BIA. A bond determination is directly reviewable by the BIA. 8 C.F.R. §§ 1003.19(f), 1003.38; *see also Chacon v. Mullin*, 2026 WL 2127177, at *4 (C.D. Cal. July 21, 2026) (challenges to bond denials have a "direct administrative remedy: appeal to the BIA"). Accordingly, administrative appeal is an available and adequate remedy that Petitioner was required to pursue before seeking habeas relief. Moreover, nothing in the record suggests that exhaustion should be excused in this case. Petitioner does not contend that administrative review before the BIA would be inadequate or ineffective, nor does he argue that pursuing such relief would have been futile. There is likewise no showing that irreparable harm

would have resulted from complying with the administrative process. Given Petitioner's failure to pursue a readily available avenue of administrative review, dismissal without prejudice is warranted.

## CONCLUSION

Based on the foregoing, Petitioner's Petition is **DENIED** without prejudice. ECF No. 1. Petitioner may file an amended petition on or before **November 9, 2026**. The Court also **DENIES** Petitioner's Motion for Temporary Restraining Order and Emergency Motion for Expedited Heading on the Petition as **MOOT**. ECF Nos. 2-3.

**IT IS SO ORDERED**.

Dated: October 9, 2026

Honorable Benjamin J. Cheeks
United States District Judge